# IN THE COURT OF APPEALS OF IOWA

No. 21-1649
Filed December 7, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JAMES PAUL SMITH,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Daniel P. Wilson, Judge.

James Smith appeals following his guilty plea. **AFFIRMED.**

Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Pursuant to a plea agreement resolving four criminal cases, James Smith pleaded guilty to two counts of second-degree theft, each a class "D" felony; possession of methamphetamine (second offense), an aggravated misdemeanor; interference with official acts inflicting bodily injury, an aggravated misdemeanor; and third-degree harassment, a simple misdemeanor. The district court accepted the guilty pleas and sentenced Smith to incarceration of five years for each theft charge, two years for the possession of methamphetamine (second offense) charge, two years for the interference with official acts inflicting bodily injury charge, and thirty days for the harassment charge. The theft sentences were ordered to be served concurrently to each other. Likewise, the possession of methamphetamine (second offense), interference with official acts inflicting bodily injury, and harassment sentences were all ordered to be served concurrently to each other. However, the theft sentences were ordered to be served consecutively to the possession of methamphetamine (second offense) sentence, for a total term of incarceration not to exceed seven years. Smith appeals both his guilty plea and his sentences.

## I. Challenge to the Plea

We begin by addressing Smith's challenge to the plea itself. He alleges he did not enter the plea voluntarily and the plea lacked a factual basis to support the counts. "We review challenges to the plea proceedings for correction of errors at law." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). However, before we turn to the merits of Smith's appeal, we must first determine whether he established good cause to appeal. Iowa Code section 814.6(1)(a)(3) (2020)

prohibits an appeal following a guilty plea except when the guilty plea is to a class "A" felony or "in a case where the defendant establishes good cause." What amounts to "good cause" to appeal following a guilty plea is context specific, but it must be "a legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

Smith did not file a motion in arrest of judgment to challenge his guilty plea. *See* Iowa R. Crim P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). As a result, he is precluded from challenging his guilty plea on appeal. *See State v. Hanes*, ___ N.W.2d ___, ___, 2022 WL 16702680, at *4 (Iowa 2022) (precluding appellate relief on a challenge to a guilty plea when a motion in arrest of judgment is not filed).

There have been two recognized exceptions to the prohibition on obtaining appellate relief following a guilty plea when no motion in arrest of judgment is filed: (1) when the failure to file the motion is caused by ineffective assistance of counsel; and (2) when the defendant is not adequately advised of the obligation to file the motion and the consequences of not filing. *Id.* Smith attempts to utilize the first exception, asserting that his counsel provided ineffective assistance by failing to file a motion in arrest of judgment. This attempt fails because the legislature has abrogated this exception by passing Iowa Code section 814.7, which prohibits us from considering ineffective-assistance claims on direct appeal. *Id.*

This leaves Smith with the second exception, but Smith does not make any claim that it applies. It is unclear whether we are required to consider the adequacy

of the advisory explaining a defendant's obligation to file a motion in arrest of judgment in order to challenge a guilty plea on appeal when the defendant does not raise the issue. *See id.* (addressing this exception without specifying whether the defendant raised it). There are good reasons for not considering the exception when it is not raised, as considering it on our own would require us to take on an advocacy role by combing the record to try to find where the advisory may have been given, conjuring our own arguments for why the particular advisory is or is not adequate, and looking for authority on the topic without the assistance of the parties' briefing. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1966). We need not decide whether to address the exception on our own in this case because, even if we did and concluded the advisory Smith received was inadequate, Smith is still statutorily precluded from obtaining relief.

Iowa Code section 814.29 states:

> If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred. The burden applies whether the challenge is made through a motion in arrest of judgment or on appeal.

Smith makes no attempt to comply with this requirement. *See State v. Bradford*, No. 22-0168, 2022 WL 3066179, at *3 (Iowa Ct. App. Aug. 3, 2022) (refusing to vacate a guilty plea when the defendant failed to demonstrate that he more likely than not would have declined to enter a guilty plea if the procedural defect had not occurred). Accordingly, his challenge to his guilty plea fails.

## II.    Challenge to the Sentence

We now consider Smith's challenges to his sentences.[1]   We review sentencing challenges for correction of legal error, but "[w]e will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'"  *State v. Wilbourn*, 974 N.W.2d 58, 65 (May 2022) (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable."  *Id.*  When, as here, the sentence "falls within the statutory parameters, we presume it is valid."  *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

Smith argues resentencing is necessary because the district court failed to provide sufficient explanation for its sentencing determination and for its decision to run the sentences for some of the offenses consecutively.  Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence."  While the "reasons need not be detailed," "at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action."  *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration."  *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

---

[1] Smith has good cause to challenge his sentences.  *See Damme*, 944 N.W.2d at 105 (finding good cause to appeal from a conviction following a guilty plea when the defendant challenges the sentence rather than the guilty plea).

Following our review of the record, we conclude the district court provided adequate reasoning for its sentencing determinations. Specifically, the court explained

> I have considered all of the sentencing options that I have pursuant to section 901.5 of the Code. The sentence that I'm about to impose in each and in all of these cases is that which I hope will eventually help lead towards your rehabilitation while at the same time protecting the community from further offenses by you and others.
>
> . . . .
>
> Mr. Smith, there's several reasons for the sentences that I've imposed. I considered in each case the nature of the offense to which you plead guilty. I considered all of the information in the presentence investigation reports. You've got about six pages of prior criminal record. I mean, some of that goes back a long time. I get that. But I considered it. I'd be remiss if I didn't. I considered the requests made here today by the State and by your attorney and by you. It's never too late.
>
> . . . .
>
> So there are several reasons that I imposed prison. I need to give reasons for the consecutive nature of at least one of the sentences that I imposed.
>
> I considered—I mean, you've got about eight or nine charges here over separate periods of time for separate events, and I considered that, the numerous nature of the offenses that you've pled guilty to and are being sentenced on, and I think it's appropriate that one of those aggravated misdemeanors run consecutively to the two felonies.

Because the district court provided sufficient reasoning for its sentencing determination, including its imposition of consecutive sentences, we do not disturb Smith's sentences.

**AFFIRMED.**